# In the United States Court of Federal Claims

No. 20-792C
(Filed September 7, 2023)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * *
                                   *
                                   *
DERRICK MICHAEL ALLEN,             *
SR.,                               *
                                   *
              Plaintiff,           *
                                   *
       v.                          *
                                   *
THE UNITED STATES,                 *
                                   *
              Defendant.           *
                                   *
* * * * * * * * * * * * * * * * * *
```

## ORDER

On August 28, 2023, the Clerk's office received a document from Mr. Derrick Michael Allen, Sr., purporting to seek reconsideration of the dismissal of the above-captioned case. This document was not filed upon receipt because, as discussed below, it was untimely. Nevertheless, the Clerk is directed to file the document as a motion for reconsideration or for relief from judgment.

The Court had dismissed Mr. Allen's complaint for lack of subject-matter jurisdiction on July 21, 2020, as Mr. Allen failed to allege the government violated a money-mandating provision of law. Order, ECF No. 9, at 3. Additionally, to the extent he sought review of a district court's disposition of his prior cases, this Court categorically lacks jurisdiction to review the decisions of the federal district courts. *See Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015). On appeal, the U.S. Court of Appeals for the Federal Circuit affirmed this Court's dismissal of Mr. Allen's complaint on January 20, 2022. *See Allen v. United States*, No. 2020-2143, 2022 WL 186067 (Fed. Cir. Jan. 20, 2022).

Mister Allen now seeks reconsideration of the dismissal or a "re-open[ing]" of this case, citing the Seventh and Eighth Amendments. A motion for reconsideration must be timely filed and "should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously

made." *Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1384 (Fed. Cir. 2010) (quoting *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). While the original complaint did not cite the Seventh and Eighth Amendments, they certainly were available at the time the complaint was filed. In any event, a motion for reconsideration under Rule 59 of the Rules of the United States Court of Federal Claims (RCFC) is untimely, as it was filed more "than 28 days after the entry of judgment." RCFC 59(b)(1).

If Mr. Allen's motion is instead construed as a motion for relief from a judgment or order, it is nonetheless untimely as it was filed "more than a year after the entry of the judgment or order or the date of the proceeding."† RCFC 60(c)(1). Moreover, as the Federal Circuit has explained, "once [a] judgment has been affirmed on appeal, Rule 60 provides no general exception to the longstanding bar on the trial court's undoing the affirmance based on later presentation of arguments that the challenger presented, or could have presented, in the earlier appeal." *Talasila, Inc. v. United States*, 524 F. App'x 671, 673 (Fed. Cir. 2013) (citations omitted). The Court of Appeals emphasized that "[s]omething significantly more is required for Rule 60 relief in these circumstances, lest the orderly process of appeal be subverted and do-overs upset the repose that finality provides and divert courts' resources away from the adjudication of fresh claims." *Id.*

In any event, even if Mr. Allen's motion were timely filed, "the Eighth Amendment is not a money-mandating provision," and thus cannot be the basis for a suit in our court. *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (cleaned up). The Seventh Amendment is likewise not money-mandating and cannot serve as the basis for jurisdiction in this Court. *Hastings v. United States*, 165 Fed. Cl. 1, 6 (2023) (citing *Jaffer v. United States*, 67 F.3d 319, 1995 WL 592017, at *2 (Fed. Cir. 1995)); *Webster v. United States*, 74 Fed. Cl. 439, 444 (2006). Mr. Allen does not invoke any other bases for subject-matter jurisdiction in his motion. For the foregoing reasons, the motion is **DENIED**.

IT IS SO ORDERED.

_____
VICTOR J. WOLSKI
Senior Judge

---

† "The standards under which a court evaluates a motion under either RCFC 59 or RCFC 60 are similar, and courts in some instances consider both rules in analyzing a litigant's claim." *Ind. Mun. Power Agency v. United States*, 156 Fed. Cl. 744, 746 n.2 (2021) (citing *Cyios Corp. v. United States*, 124 Fed. Cl. 107, 114 (2015)).